# EXHIBIT "A"

# Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _17-3458_

_Rondey Chaney_, PLAINTIFFS(S),

v.
_The Town of Framingham et als_, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Town of Framingham_ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex  Superior_ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex  Superior Court,_  _Woburn, MA 01901_ (address), by mail or in person, **AND**  _200 Trade Center Drive_
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Law office of Hector E. Pineiro P.C. 807 Main St. Worcester, MA 01610_

3. **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

_A True Copy_
_Attest:_
_Edward L Moynihan_
_Constable of Worcester/_
_Disinterested Person Over 18_

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO. 17-3458

RONDEY CHANEY )
)
    Plaintiff )
)
v. )
)
The TOWN OF FRAMINGHAM, CHRISTOPHER )
HENDRY, GREGORY REARDON, VICTOR )
PEREIRA, JOHN DOE 1, and JOHN DOE 2, )
)
    Defendants )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 2 4 2017

### PLAINTIFF'S REQUEST FOR APPOINTMENT OF PROCESS SERVER
[Mass. R. Civ. P. 4 (c)]

    Now come the plaintiff and as per Massachusetts Rule of Civil Procedure 4 (c) he

requests this Honorable Court to appoint as process server in this action a constable of the Office

of George & Associates, 390 Main Street, Suite 1039, Worcester, Massachusetts, in order to

assure a substantial savings in time.  The undersigned affirms under the pains and penalties of

perjury that to the best of his knowledge and belief the person to be appointed is a Constable

experienced in the service of process and not a party to, or otherwise interested in, this action.

    Respectfully submitted,

    PLAINTIFF
    By his attorneys,

11/24/17   Motion Allowed

Billings

    Robert A. Scott BBO#648740
    Law Office of Hector E. Pineiro P.C.
    807 Main Street
    Worcester, MA 01610
    (508) 770-0600

DATED: November 24, 2017

1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO.

17 - 3458

RONDEY CHANEY

    Plaintiff

v.

The TOWN OF FRAMINGHAM, CHRISTOPHER
HENDRY, GREGORY REARDON, VICTOR
PEREIRA, JOHN DOE 1, and JOHN DOE 2,

    Defendants

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 2 4 2017

CLERK

### COMPLAINT AND REQUEST FOR JURY TRIAL

#### INTRODUCTION

1.    This is an action in federal and state civil rights, in common law tort and in public employer tort under the Massachusetts Tort Claims Act s to recover

#### JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the common law, Constitution and statutes of the Commonwealth of Massachusetts.

2.    On information and belief all defendants are within the personal jurisdiction of this Honorable Court, and/or the Court has jurisdiction over them pursuant to the so called Long-Arm Statute of Massachusetts, M.G.L. c. 223A, § 3.

2.    This Honorable Court has original jurisdiction of the action pursuant to M.G.L. c. 212, §§ 3 & 4.

3.    There is no reasonable likelihood that plaintiff's recovery will be less than or equal to $25,000.

#### VENUE

4.    On information and belief all defendants are within the personal jurisdiction of this Honorable Court and venue lies in Middlesex County.

*PARTIES*

5.  The plaintiff, Rondey Chaney, was at all pertinent times a resident of the Town of Framingham, Middlesex County, Massachusetts, and presently resides in Bellingham, Massachusetts.

6.  The defendant Town of Framingham ("the Town") is a duly incorporated municipality of the State of Massachusetts and has its principal place of business at 150 Concord Road, Framingham, Middlesex County, Massachusetts, at all pertinent times it was the employer of the individual defendants.

7.  The defendant Christopher Hendry ("Hendry"), was at all pertinent times a sworn police officer of the Town of Framingham with his usual place of business at the Framingham Police Department, 1 William Welch Way, Framingham, Massachusetts, and he resides in Middlesex County, Massachusetts.

8.  The defendant Gregory Reardon ("Reardon")was at all pertinent times a sworn police officer of the Town of Framingham with his usual place of business at the Framingham Police Department, 1 William Welch Way, Framingham, Massachusetts, and he resides in Middlesex County, Massachusetts.

9.  The defendant Victor Pereira ("Pereira") was at all pertinent times a sworn police officer of the Town of Framingham with his usual place of business at the Framingham Police Department, 1 William Welch Way, Framingham, Massachusetts, and he resides in Middlesex County, Massachusetts.

10. The defendants John Doe 1 and John Doe 2 were at all pertinent times a sworn police officer of the Town of Framingham with a usual place of business at the Framingham Police Department, 1 William Welch Way, Framingham, Massachusetts, and on information and belief they each reside in Middlesex County, Massachusetts.

11. Each individual plaintiff named is sued in his or her personal capacity.

*FACTS*

12. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

13. At all pertinent times herein each individual defendant did act and/or fail to act as set for the herein in the course of his or her employment s a sworn police officers of the Town with the powers and authority of police officers under the law, statutes, and regulations of the Commonwealth of Massachusetts and the ordinances, rules and policies of the Town.

14. On November 24, 2014, at approximately 6:50 AM, Officers Hendry and Reardon knocked at the door of the plaintiff's dwelling at 1321 Worcester Road, Apartment 504, to execute a warrant for his arrest.

15.    Plaintiff answered the door, submitted to arrest without resistance, and the officers cuffed his hands behind his back.

16.    Despite plaintiff's repeated requests to be allowed to fully cloth himself, Hendry and Reardon removed him from the apartment with nothing but a small towel wrapped around his lower body.

17.    Immediately after the plaintiff was taken from his apartment and brought into an elevator by the two officers, the towel fell off when the plaintiff to the floor of the elevator, leaving the plaintiff naked from the waist down.

18.    With the plaintiff in this condition of undress, Hendry and Reardon took him to the ground floor of the apartment building in the elevator, walked him from the building to a police vehicle and took him to the police station.

19.    At the police station the plaintiff remained naked from the waist down as he was removed from the police vehicle, walked into the station and processed, placed in a cell, and subsequently as he was removed from the cell and transported to Framingham District Court.

20.    Plaintiff protested his treatment and repeatedly sought to be allowed to cover himself.

21.    Officers Hendry and Reardon and other officers who had contact with the plaintiff at the station or in transporting him to court. at the station, including Pereira the booking officer and John Does 1 and 2, viewed the plaintiff, observed his nakedness and heard his pleas for covering but intentionally kept him in that condition and/or said or did nothing to bring it to an end.

22.    Only after the plaintiff was walked into the courthouse and placed in a holding cell did one or more court employees observe the plaintiff's situation and provide covering to him.

23.    There was no legal justification for the conduct of the officers, and no reasonable officer would engage in or tolerate such conduct nor could any officer reasonably believe that such conduct was lawful.

24.    As a direct and proximate result of the foregoing plaintiff experienced extreme embarrassment, humiliation, mortification, outrage, helplessness, and emotional distress, and to date the treatment described continues to cause him great pain of body and mind.

*COUNT I*
*42 U.S.C. § 1983*
Hendry, Reardon, Pereira, Does 1 and 2

25.    Each of the foregoing paragraphs is incorporated as if fully set forth herein.

3

26.  By their acts and/or omissions these defendants did violate the plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and as a direct and proximate result thereof did harm him as set forth herein.

## COUNT II
### Massachusetts Civil Rights Act
Hendry, Reardon, Pereira, Does 1 and 2

27.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

28.  These defendants acted as set forth herein to punish the plaintiff without legal cause or excuse for alleged conduct resulting in the arrest.

29.  They did so to coerce, threaten or intimidate him into refraining from any lawful conduct in the future that could conceivably result in further arrests.

30.  By acting as foresaid, the defendants did violate plaintiff's rights under the Act and did directly and proximately cause him the harm complained of herein.

## COUNT III
### Invasion of Privacy and Intentional Infliction of Emotional Distress
Hendry, Reardon, Pereira, Does 1 and 2

31.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

32.  The defendants did subject the plaintiff to the ordeal of being paraded in public and in government building while in custody and at time in the presence or within the view of females knowingly, deliberately and with the understanding and intent of causing the plaintiff great distress.

33.  This conduct was sadistic and beyond all bounds of reasonable or humane action.

34.  As a direct an proximate result the plaintiff suffered as described hereing.

35.  The Town of Framingham, by the negligent conduct of its agents, servants, or employees or others for use actions it is legally responsible, did proximately cause the loss set forth herein.

36.  Pursuant to M.G.L. c. 258 § 10 (c), these defendants enjoy no immunity to civil damages arising from their intentional infliction of emotional distress.

## COUNT IV
### Negligence, M.G.L. c. 258
Town of Framingham

37.  Each of the foregoing paragraphs is incorporated as if fully set forth herein.

4

38.   The Town is liable for the negligence of the individual defendants in acting or failing to act as set forth above, and also for the negligence of other Town employees, agents, servants or others for whose conduct it is legally responsible in the training, supervision, and discipline of police officers to assure lawful treatment of persons taken into custody.

39.   As a direct and proximate result of this negligence, plaintiff was harmed as set forth herein.

40.   As per the requirements of M.G.L. c. 258 the plaintiff gave timely notice to the Town of these claims in negligence, and to date no settlement has been reached.

41.   The plaintiff has satisfied the predicates required to bring the claims of this count.

42.   Pursuant to M.G.L. c. 258 § 10 (c),  the defendantsenjoy no immunity to civil damages arising from their intentional infliction of emotional distress and/or invasion of plaintiff's privacy.

*DEMAND FOR RELIEF*

Wherefore, the Plaintiffs respectfully request the Court to order the following relief:

1.   All compensatory damages recoverable;
2.   All punitive damages recoverable;
3.   All attorney's fees, costs and expenses allowable;
4.   That defendants be found jointly and severally liable;
5.   Any and all other relief as the Court deems just and proper;

<u>PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS IN THE COMPLAINT</u>

Respectfully submitted,
Rondey Chaney
By his attorneys,

Hector E. Pineiro, BBO # 555315
Robert A. Scott BBO # 648740
Law Office of Hector E. Pineiro, LLC
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600
robin@pineirolegal.com

DATED: November 24, 2017

5

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1781CV03458 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Rondey Chaney vs. The Town of Framingham et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO: Robert A Scott, Esq. Law Office of Hector E. Pineiro 807 Main St Worcester, MA 01610 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                        DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 02/22/2018 |  |
| Response to the complaint filed (also see MRCP 12) |  | 03/26/2018 |  |
| All motions under MRCP 12, 19, and 20 | 03/26/2018 | 04/23/2018 | 05/23/2018 |
| All motions under MRCP 15 | 03/26/2018 | 04/23/2018 | 05/23/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 09/20/2018 |  |  |
| All motions under MRCP 56 | 10/22/2018 | 11/19/2018 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 03/19/2019 |
| Case shall be resolved and judgment shall issue by |  |  | 11/25/2019 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/24/2017 | ASSISTANT CLERK Patricia M McCann | PHONE (781)939-2748 |
|---|---|---|

Date/Time Printed: 11-24-2017 14:04:22                                                                                     SCV026\ 11/2014

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| RONDEY CHANEY | TOWN OF FRAMINGHAM, CHRISOPHER HENDRY, GREGORY REARDON, VICTOR PEREIRA, JOHN DOEs 1 & 2 |

| Plaintiff Atty | Robert A. Scott | | | | Type Defendant's Attorney Name |
|---|---|---|---|---|---|
| Address | 807 Main St. | | | | Defendant Atty |
| City | Worcester | State | MA | Zip Code 01610 | Address |
| | | | | | City        State        Zip Code |
| Tel. | +1 (508) 770-0600 | BBO# | 648,740 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)      TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B99 Other Tort (specify) - Fast Track | (See Section G.) | ( ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A.   Documented medical expenses to date:
    1.   Total hospital expenses                                 $_____
    2.   Total doctor expenses                                   $_____
    3.   Total chiropractic expenses                           $_____
    4.   Total physical therapy expenses                   $_____
    5.   Total other expenses (describe)             Subtotal $_____
B.   Documented lost wages and compensation to date           $_____
C.   Documented property damages to date               $_____
D.   Reasonably anticipated future medical expenses       $_____
E.   Reasonably anticipated lost wages and compensation to date   $_____
F.   Other documented items of damages (describe)         $_____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff brings claims in negligence against a public employer under M.G.L. c. 258, as well as civil rights and intentional tort claims against individual employees.  Damages in excess of:   25,000.00
                                                   Total $_____

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   Date: 11/24/2017
A.O.S.C. 3-2007